UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| K.D., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:20-cv-11964-DPW |
| ) | |
| HARVARD PILGRIM HEALTH CARE, ) | |
| INC., HARVARD PILGRIM – LAHEY ) | |
| HEALTH SELECT HMO, and LAHEY ) | |
| CLINIC FOUNDATION, INC., ) | |
| ) | |
| Defendants. ) | |

**ANSWER OF DEFENDANTS**

Harvard Pilgrim Health Care, Inc., Harvard Pilgrim – Lahey Health Select HMO (the "Plan"), and Lahey Clinic Foundation, Inc. (collectively "Defendants") answer the Complaint ("Complaint") of Plaintiff K.D. ("Plaintiff") as follows:

1. Defendants deny the allegation that Defendants have violated the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001 et seq. ("ERISA") and the Mental Health Parity and Addiction Equity Act, 29 U.S.C. § 1185(a), 1132(a)(3) ("MHPAEA"). Further answering, Defendants admit the second sentence of paragraph 1 of the Complaint.

2. Defendants deny the allegations in paragraph 2 of the Complaint.

3. Defendants admit that this Court has subject matter jurisdiction over the Complaint, but deny the allegation in paragraph 3 of the Complaint that Defendants breached any ERISA obligations.

4. Defendants are without sufficient information to admit or deny Plaintiff's residency and, therefore, deny the same. Defendants admit Plaintiff was a beneficiary of the Plan

at the time of treatment that is the subject of the Complaint. The remaining allegations in paragraph 4 of the Complaint are legal conclusions requiring no response. To the extent that a response is required, Defendants deny the remaining allegations in paragraph 4 of the Complaint.

5. Defendants admit the allegations in paragraph 5 of the Complaint.

6. Defendants admit the allegations in paragraph 6 of the Complaint.

7. Defendants admit the allegations in the first sentence of paragraph 7 of the Complaint. Defendants admit that the Plan is self-insured and is sponsored by Lahey Clinic Foundation, Inc., but deny the remaining allegations in paragraph 7 of the Complaint.

8. The allegations in paragraph 8 of the Complaint are legal conclusions requiring no response. To the extent that a response is required, Defendants deny the allegations in paragraph 8 of the Complaint.

9. Defendants admit that Plaintiff was a beneficiary of the Plan, but deny the remaining allegations in paragraph 9 of the Complaint.

10. Defendants admit that the quoted text, except for a typographical error, in paragraph 10 of the Complaint is in the Benefit Handbook for the Plan, but deny Plaintiff's characterization of the Benefit Handbook in paragraph 10 of the Complaint, because the Plan documents, as a whole, speak for themselves.

11. Defendants admit that a treatment must be "Medically Necessary" under the Plan documents to qualify as a covered benefit and admit that the quoted text in paragraph 11 of the Complaint is in the Benefit Handbook for the Plan, but deny Plaintiff's characterization of the Benefit Handbook in paragraph 11 of the Complaint, because the Plan documents, as a whole, speak for themselves.

12. Defendants admit that Harvard Pilgrim Health Care uses Optum/United Behavior Health Level of Care Guidelines: Mental Health Disorders to evaluate certain claims but deny the remaining allegations in paragraph 12 of the Complaint.

13. Defendants are without sufficient information to admit or deny the allegations in paragraph 13 of the Complaint and, therefore, deny the same.

14. Defendants admit that Plaintiff's claim for residential mental health treatment at Sierra Tucson was denied by notice dated November 1, 2018, but otherwise deny Plaintiff's characterization of the quoted text in paragraph 14 of the Complaint, because the denial, as a whole, speaks for itself.

15. Defendants admit that Plaintiff appealed the denial of treatment at Sierra Tucson on June 3, 2019, but otherwise deny the characterizations and remaining allegations in paragraph 15 of the Complaint.

16. Defendants admit that Plaintiff made a request on June 4, 2019, but otherwise deny the characterizations and remaining allegations in paragraph 16 of the Complaint.

17. Defendants admit that Plaintiff was provided a copy of a medical review on June 9, 2019, but otherwise deny the characterizations and remaining allegations in paragraph 17 of the Complaint.

18. Defendants admit that Plaintiff provided a medical review from Sarah Lowenthal, M.D. and an affidavit from Plaintiff's parents on September 12, 2019, but otherwise deny the characterizations and remaining allegations in paragraph 18 of the Complaint.

19. Defendants admit that Plaintiff's appeal was denied by notice dated September 16, 2019, but otherwise deny Plaintiff's characterization of the quoted text in paragraph 19 of the Complaint, because the denial, as a whole, speaks for itself.

20. Defendants deny the allegations in paragraph 20 of the Complaint.

21. Defendants admit that on September 27, 2019, Plaintiff's counsel made the requests alleged in paragraph 21 of the Complaint but deny the remaining characterizations and allegations in paragraph 21 of the Complaint.

22. Defendants admit that no person from Harvard Pilgrim Health Care, Inc. stated that was "no thorough review" and that on October 29, 2019, it disputed that such statement was made, but otherwise deny the remaining characterizations and allegations contained in paragraph 22 of the Complaint.

23. Defendants admit that on February 7, 2020, Plaintiff made the requests alleged in paragraph 23 of the Complaint but deny the remaining characterizations and allegations in paragraph 23 of the Complaint.

24. Defendants admit that a medical review was conducted February 17, 2020, by Harvard Pilgrim Health Care, Inc.'s independent medical reviewer, sent to Plaintiff on February 21, 2020, but otherwise deny Plaintiff's allegations in paragraph 24 of the Complaint, because the denial, as a whole, speaks for itself.

25. Defendants deny the allegations in paragraph 25 of the Complaint.

26. Defendants deny the allegations in paragraph 26 of the Complaint.

27. Defendants admit that none of the Harvard Pilgrim Health Care, Inc. physician reviewers examined K.D. in person, but otherwise deny the remaining allegations and inference in paragraph 27 of the Complaint.

28. Defendants deny the allegations in paragraph 28 of the Complaint.

29. Defendants deny the allegations in paragraph 29 of the Complaint.

30. Defendants deny the allegations in paragraph 30 of the Complaint.

31. Defendants admit that Plaintiff sent a letter requesting certain information regarding MHPAEA, but deny the remaining allegations in paragraph 31 of the Complaint as the Plaintiff's letter speaks for itself.

32. Defendants deny the allegations in paragraph 32 of the Complaint.

33. Defendants admit that Harvard Pilgrim Health Care, Inc. entered into an Assurance of Discontinuance with the Massachusetts Attorney General, but otherwise deny the characterizations, inferences, and allegations in paragraph 33 of the Complaint.  Further answering, the Assurance of Discontinuance is wholly immaterial and impertinent to this action.

34. Defendants deny the allegations in paragraph 34 of the Complaint.

35. Defendants deny the allegations in paragraph 35 of the Complaint.

36. Defendants deny the allegations in paragraph 36 of the Complaint.

37. Defendants deny the allegations in paragraph 37 of the Complaint.

38. The allegations in paragraph 38 of the Complaint are legal conclusions requiring no response.  To the extent that a response is required, Defendants deny the allegations in paragraph 38 of the Complaint.

39. The allegations in paragraph 39 of the Complaint are legal conclusions requiring no response.  To the extent that a response is required, Defendants deny the allegations in paragraph 39 of the Complaint.

40. Defendants deny the allegations in paragraph 40 of the Complaint.

41. Defendants deny the allegations in paragraph 41 of the Complaint.

42. Defendants deny the allegations in paragraph 42 of the Complaint.

43. Paragraph 43 of the Complaint contains legal conclusions and characterizations to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 43 of the Complaint.

44. Defendants deny the allegations in paragraph 44 of the Complaint.

45. Defendants deny the allegations in paragraph 45 of the Complaint.

46. Defendants deny the allegations in paragraph 46 of the Complaint.

47. Defendants deny the allegations in paragraph 47 of the Complaint.

48. Defendants deny the allegations in paragraph 48 of the Complaint.

49. Defendants deny the allegations in paragraph 49 of the Complaint.

50. The allegation in paragraph 50 of the Complaint asserts the reason why Plaintiff is bringing her action, to which no response is required. To the extent that a response is required, Defendants deny the allegations in paragraph 50 of the Complaint.

**FIRST CAUSE OF ACTION**

51. Defendants incorporate their responses to paragraphs 1 through 50, inclusive, set forth above.

52. The allegations in paragraph 52 of the Complaint are legal conclusions and characterizations, to which no response is required. To the extent that a response is required, Defendants deny the remaining allegations in paragraph 52 of the Complaint.

53. Defendants deny the allegations in paragraph 53 of the Complaint.

54. Defendants deny the allegations in paragraph 54 of the Complaint.

55. The allegations in paragraph 55 of the Complaint consist of quoted text from 29 U.S.C. § 1132, to which no response is required. To the extent that a response is required, Defendants deny the allegations in paragraph 55 of the Complaint.

56. Defendants deny the allegations in paragraph 56 of the Complaint.

57. Defendants deny the allegations in paragraph 57 of the Complaint.

58. Defendants deny the allegations in paragraph 58 of the Complaint.

59. Defendants deny the allegations in paragraph 59 of the Complaint.

60. Defendants deny the allegations in paragraph 60 of the Complaint.

61. Defendants deny the allegations in paragraph 61 of the Complaint.

## SECOND CAUSE OF ACTION

62. Defendants incorporate their responses to paragraphs 1 through 61, inclusive, set forth above.

63. Defendants deny the allegations in paragraph 63 of the Complaint.

64. Defendants are without sufficient information about Plaintiff's claim for attorneys' fees to admit or deny the allegations in paragraph 64 of the Complaint and, therefore, deny the same.

65. Defendants deny the allegations in paragraph 65 of the Complaint.

66. Defendants deny the allegations in paragraph 66 of the Complaint.

67. Defendants are without sufficient information to admit or deny the allegations in paragraph 67 of the Complaint and, therefore, deny the same.

## THIRD CAUSE OF ACTION

68. Defendants incorporate their responses to paragraphs 1 through 67, inclusive, set forth above.

69. Paragraph 69 of the Complaint contains a legal conclusion, to which no response is required. To the extent that a response is required, Defendants deny the allegations in paragraph 69 of the Complaint.

70. Paragraph 70 of the Complaint contains a legal conclusion, to which no response is required. To the extent that a response is required, Defendants deny the allegations in paragraph 70 of the Complaint.

71. Defendants deny the allegations in paragraph 71 of the Complaint.

72. Defendants deny the allegations in paragraph 72 of the Complaint.

73. Defendants deny the allegations in paragraph 73 of the Complaint.

## AFFIRMATIVE DEFENSES

1. Plaintiff fails to state a claim upon which relief can be granted.

2. Plaintiff fails to state a claim for relief under the MHPAEA.

3. The Plan is governed by the Employment Retirement Income Security Act of 1974 and to the extent that Plaintiff's claims seek relief not provided for under ERISA, those claims are pre-empted by ERISA.

4. Plaintiff has failed to exhaust administrative remedies under the Plan.

5. Plaintiffs' claims are barred in whole or in part by the equitable doctrines of waiver, estoppel, laches, and unclean hands.

6. Plaintiff's claims are barred on the ground that Defendants' acts were performed fairly, in good faith, and for a lawful purpose, and Defendants' conduct complied with their legal and contractual obligations, including the terms of the Plan at issue, the relevant services agreement, and applicable law.

7. Plaintiff should not be awarded attorney's fees in whole or in part, to be paid by Defendants because Defendant's action or inaction occurred in good faith, and with a reasonable belief that such action or inaction was legal, appropriate, and necessary.

8. Plaintiff's claims are barred to the extent she failed to supply sufficient proof that treatment was either covered or medically necessary.

9. Plaintiff's claims are barred because of her failure to fulfill her obligations under the Plan.

10. Plaintiff's claims are barred to the extent that Defendants properly exercised discretion to interpret the terms of the Plan and adjudicate Plaintiff's claims for benefits, and that Defendants' exercise of discretion was neither arbitrary nor capricious.

11. Plaintiff's claims are barred to the extent any payment reductions or denials were made by the Defendants based on Plan terms or reimbursement methodologies that Plaintiff is not challenging in this litigation.

12. Plaintiff's claims are barred in whole or in part to the extent any adverse claim determination was a result of the Plaintiff's own negligence or that of any of her agents or authorized representatives in submitting the claims for which benefits are sought.

13. Plaintiff's claims are barred in whole or in part to the extent she has failed to mitigate her damages.

14. Defendants reserve the right to offer additional defenses or to withdraw certain defenses, or otherwise amend this Answer, after obtaining additional information through discovery or after discovery of any inadvertent errors in the assertion of the defenses set forth in this Answer.

**PRAYER FOR RELIEF**

WHEREFORE, Defendants respectfully requests that the Court:

a) DISMISS the Complaint against Defendants with prejudice or ENTER judgment in favor of Defendants;

b) STRIKE paragraph 33 of the Complaint as wholly immaterial and impertinent to this action;

c) AWARD Defendants its reasonable attorneys' fees and costs incurred in defending this action pursuant to 29 U.S.C. § 1132(g)(1); and

d) GRANT Defendants such other and further relief as the Court deems proper.

HARVARD PILGRIM HEALTH CARE, INC., HARVARD PILGRIM – LAHEY HEALTH SELECT HMO, and LAHEY CLINIC FOUNDATION, INC.,

By their Attorney,

Dated: February 11, 2021

   */s/ Keith E. Glidden*
Keith E. Glidden, BBO No. 661142
Verrill Dana, LLP
One Federal Street, 20th Floor
Boston, Massachusetts 02110
(617) 309-2600
kglidden@verrill-law.com

## CERTIFICATE OF SERVICE

I hereby certify that on February 11, 2021 this Notice of Appearance has been filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

   */s/ Keith E. Glidden*
Keith E. Glidden